MARIO GUERRERO NOBLE, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, ETC., Respondent and Appellee; MANUEL L. CLEMENTE, Intervener and Appellee.

No. 8126. Argued February 19, 1940.—Decided February 21, 1940.

Dubón & Ochoteco, José Otero Suro, Rodrigo Otero Suro and Diego Guerrero Noble for appellant. R. Soltero Peralta for intervener and appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Manuel L. Clemente brought ejectment proceedings against Mario Guerrero Noble in the Municipal Court of San Juan, First Section. The case having been set for a preliminary hearing for September 22 of last year, the proper summons was issued and served on the defendant on the 16th of the same month. The plaintiff failed to appear at the preliminary hearing. Although the defendant appeared he failed to move for the nonsuiting of the plaintiff. On motion of the plaintiff dated the 25th of the same month the court set the case again for a preliminary hearing to take place on September 29, 1939, at 2 p. m.

In compliance with the above order, the secretary issued a new summons which was served on the 3rd of the said month. On the day set a second time for holding the preliminary hearing, the defendant filed a motion challenging the

validity of the second summons. This motion was denied by means of the following order:

"The court, in passing upon the motion of the defendant challenging the summons issued pursuant to the order of this court made on September 25, 1939, denies said motion on the ground that as a previous preliminary hearing had already been set and the defendant had been served with copy of the summons and of the complaint filed, although said preliminary hearing did not take place owing to the nonappearance of the plaintiff, the latter was not bound to serve again the said defendant with copy of the complaint."

The same day the defendant moved for reconsideration of the above order, which motion was also denied by an order of the 14th of the same month.

In order to review the order of October 13 above transcribed, the defendant filed a petition in certiorari in the District Court of San Juan which, after hearing the parties, on the 2nd of November last quashed the writ issued on the ground that when the municipal court ordered again the setting of the case for a preliminary hearing, said court had already acquired jurisdiction of the defendant and therefore any defect attaching to the second summons was immaterial. On November 24, the defendant moved for the reconsideration of the order in question of the district court, which motion was denied on the 1st of the following month of December. The present appeal, whose dismissal is sought now by the intervener and appellee as frivolous, has been taken from the order of the lower court quashing the writ of certiorari.

■ Whatever the defects of the first summons issued in the present case they were cured by the appearance of the defendant at the preliminary hearing set for September 22.

■ Although it is provided in section 5 of the Unlawful Detainer Act (Section 624 of the Code of Civil Procedure, 1933 ed.) that "when summoning the defendant he shall be cautioned that in case of a failure to appear, either in person or by lawful agent, judgment of unlawful detainer will be

taken against him without further summons or hearing,'' no provision is made for the failure of the plaintiff to appear at such hearing. Consequently, recourse must be had to section 192 of the Code of Civil Procedure whose pertinent part reads as follows:

"Section 192.—An action may be dismissed or a judgment of nonsuit entered in the following cases:

"1. . . . . . . . . .
"2. . . . . . . . . .

"3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.''

As the defendant failed to ask that the plaintiff be nonsuited it was not incumbent upon the court to nonsuit him; rather, it acted with jurisdiction in setting the case for a preliminary hearing at a subsequent date. [4] In the absence of the plaintiff, the constitutional clause about due process of law (Section 2 of the Organic Act) required that the parties be served with notice of the second setting and this is why the secretary was directed to summon the parties to appear at the new hearing. In such circumstances it was unnecessary to issue and serve a new summons with all legal formalities, it being sufficient that the parties should be notified of the day fixed for such purpose. [5] Therefore, any defect affecting the second setting is also immaterial, because, as already stated by us, the court had acquired jurisdiction of the person of the defendant ever since his appearance at the first hearing without challenging the validity of the first setting.

In our judgment the situation in the present case is the same as that where a case is called for trial and because of the failure of one side or both sides to appear the court, without the objection of the party appearing puts off the trial and directs the secretary to notify the parties of the date of a new setting.

As we fail to see justifiable grounds for the appeal taken and, besides, as the ejectment proceeding involved is one of

a summary and speedy nature, it is the proper thing, without further delay, to sustain the motion of the intervener and appellee and to dismiss the appeal as frivolous.

Mr. Justice Travieso took no part in the decision of this case.

ON MOTION FOR REHEARING

March 8, 1940

The petitioner herein seeks reconsideration by us of our decision of the 21st of last February, on the ground that the opinion in support thereof assumes that the petitioner, defendant in the municipal court, appeared at the preliminary hearing in the ejectment proceeding that was set for the 22nd of last September. The petitioner alleges now that we erred in assuming such fact, whereas the petitioner actually never appeared at said preliminary hearing and therefore did not submit to the jurisdiction of the municipal court.

Both in the certiorari petition filed in the district court, which gave rise to the present appeal, and in the decision of the judge of the municipal court, the fact is stated that said preliminary hearing was suspended because of the nonappearance of the plaintiff, from which the conclusion is reached that defendant must have appeared, as otherwise the hearing should have been suspended by the nonappearance of the parties instead of the plaintiff. Moreover, in a motion for reconsideration of the decision of the District Court of San Juan, filed by the petitioner himself, it is stated as follows:

· "That it does not appear from the record sent up from the lower court that the defendant failed to appear at the hearing of September 22, as stated in its judgment by this court; on the contrary, it did appear from the record that it was the plaintiff who failed to appear at said hearing, and because of this failure to appear the dismissal of the complaint necessarily lay under the law."

██ However, as the issuance of the writ of certiorari is discretional, as such a summary proceeding like ejectment is involved, and moreover as the error of the municipal court, if any, could be cured, on appeal, in the district court, we do not feel inclined to issue such writ in a case where the right of the petitioner does not clearly appear from the record.

From the foregoing, the reconsideration sought is denied.